E-FILED IN OFFICE - AM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-03799-S5**

**5/21/2021 4:19 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

RENE CHATFIELD

                       Plaintiff,

v.

WALMART INC., & WAL-MART STORES
EAST, LP (DELAWARE).,

                       Defendant.

CIVIL ACTION
FILE NO.: _____**21-C-03799-S5**_____

## JURY TRIAL DEMANDED

## COMPLAINT

COMES NOW RENE CHATFIELD, Plaintiff, and makes and files this complaint against defendants WAL-MART, INC & WAL-MART STORES EAST, L.P., as follows:

## PARTIES AND JURISDICTION

1.

Plaintiff RENE CHATFIELD resides at ███████████████████████ ██████████████ and is subject to the jurisdiction of this court.

2.

WALMART INC is a FOREIGN corporation existing under the laws of DELAWARE with its principal place of business in ARKANSAS. WALMART INC transacts business at 1825 Rockbridge Rd SW, Stone Mountain, GA 30087, and may be served through its registered agent THE CORPORATION COMPANY at 106 COLONY PARK DRIVE STE 800-B, CUMMING, GA 30040-2794, and is subject to the jurisdiction of this court.

3.

WAL-MART STORES EAST, LP (DELAWARE) is a FOREIGN Limited Partnership existing under the laws of DELAWARE with its principal place of business in ARKANSAS. WALMART INC transacts business at 1825 Rockbridge Rd SW, Stone Mountain, GA 30087, and may be served through its registered agent THE CORPORATION COMPANY at 106 COLONY PARK DRIVE STE 800-B, CUMMING, GA 30040-2794, and is subject to the jurisdiction of this court.

4.

Jurisdiction and venue are proper in this court.

## **BACKGROUND**

5.

On June 18, 2019, Plaintiff was an invitee at Wal-mart Supercenter located at 1825 Rockbridge Rd SW, Stone Mountain, GA 30087.

6.

Plaintiff slipped and fell on a foreign substance on the subject premises.

7.

There were no cones or other warnings in the area of the foreign substance at the time of the fall.

8.

Defendant had exclusive ownership, possession and control over the premises location at all times relevant to this litigation.

9.

As a result of Plaintiff's fall, she suffered injuries to her person.

- 2 -

Copy from re:SearchGA

## COUNT 1

## PREMISES LIABILITY

10.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 9 above as if fully restated.

11

Plaintiff was an invitee on the premises at the time of the fall.

12.

Defendant owed a nondelegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff.

13.

Defendant was negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazard from the floor, in failing to take adequate measures to protect invitees from substances on the floor and in failing to keep the premises safe for invitees.

14.

Defendant's negligence was the proximate cause of Plaintiff's injuries.

## COUNT 2

## VICARIOUS LIABILITY

15.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14 above as if fully restated.

16.

At all times relevant to this action, the individuals responsible for inspecting, cleaning and maintaining the area where Plaintiff fell were employed by Defendants and were acting within the scope of their employment.

Copy from re:SearchGA

17.

Defendants are responsible for the conduct of these individuals under the doctrine of respondeat superior, agency or apparent agency.

## **COUNT 3**
## **NEGLIGENT TRAINING & SUPERVISION**

18.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 17 above as if fully restated.

19.

Defendants were negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting, cleaning and maintaining the premises.

20.

Defendants were negligent in training and supervising its staff.

21.

As a result of Defendants' negligence in training and supervising its employees, Plaintiff was injured on the premises.

WHEREFORE, Plaintiff prays that she has a trial on all issues and judgment against defendant as follows:

(a)     That Plaintiff recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

(b)     That Plaintiff recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(c)     That plaintiff recover such other and further relief as is just and proper;

(d)     That all issues be tried before a jury.

- 4 -

Copy from re:SearchGA

Respectfully submitted, this 21st day of MAY 2021.

**E. ALBERT LAW, LLC,**

ESTHER ALBERT
Georgia Bar No. 610591
Attorney for Plaintiff

E. ALBERT LAW, LLC.
2575 PEACHTREE RD NE SUITE 300
ATLANTA, GA 30305
PHONE: (678) 664-4878
FAX: (470) 777-2878
E-MAIL: albert@ealbertlaw.com

- 5 -

Copy from re:SearchGA

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-03799-S5**
**6/3/2021 12:26 PM**
**TIANA P. GARNER, CLERK**

**IN THE STATE COURT OF GWINNETT COUNTY**
**STATE OF GEORGIA**

RENE CHATFIELD

                    Plaintiff,

v.

WALMART INC., & WAL-MART STORES
EAST, LP (DELAWARE).,

                    Defendant.

CIVIL ACTION
FILE NO.: 21-C-03799-S1

**JURY TRIAL DEMANDED**

**FIRST AMENDED COMPLAINT**

COMES NOW RENE CHATFIELD, Plaintiff, and makes and files this complaint against defendants WAL-MART, INC & WAL-MART STORES EAST, L.P., as follows:

**PARTIES AND JURISDICTION**

1.

Plaintiff RENE CHATFIELD resides at ████████████████████████
████████████ and is subject to the jurisdiction of this court.

2.

WALMART INC is a FOREIGN corporation existing under the laws of DELAWARE with its principal place of business in ARKANSAS. WALMART INC transacts business at 1825 Rockbridge Rd SW, Stone Mountain, GA 30087, and may be served through its registered agent THE CORPORATION COMPANY at 106 COLONY PARK DRIVE STE 800-B, CUMMING, GA 30040-2794, and is subject to the jurisdiction of this court.

Copy from re:SearchGA

3.

WAL-MART STORES EAST, LP (DELAWARE) is a FOREIGN Limited Partnership existing under the laws of DELAWARE with its principal place of business in ARKANSAS. WALMART INC transacts business at 1825 Rockbridge Rd SW, Stone Mountain, GA 30087, and may be served through its registered agent THE CORPORATION COMPANY at 106 COLONY PARK DRIVE STE 800-B, CUMMING, GA 30040-2794, and is subject to the jurisdiction of this court.

4.

Jurisdiction and venue are proper in this court.

## **BACKGROUND**

5.

On June 18, 2019, Plaintiff was an invitee at Wal-Mart Supercenter located at 1825 Rockbridge Rd SW, Stone Mountain, GA 30087.

6.

Plaintiff slipped on a foreign substance on the subject premises.

7.

There were no cones or other warnings in the area of the foreign substance at the time of the slip.

8.

Defendant had exclusive ownership, possession and control over the premises location at all times relevant to this litigation.

9.

As a result of Plaintiff's slip, she suffered injuries to her person.

- 2 -

Copy from re:SearchGA

## COUNT 1
## PREMISES LIABILITY

10.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 9 above as if fully restated.

11

Plaintiff was an invitee on the premises at the time of the slip.

12.

Defendant owed a nondelegable duty of reasonable care in keeping the premises safe for invitees such as Plaintiff.

13.

Defendant was negligent in failing to properly inspect the area where the slip occurred, in failing to remove the hazard from the floor, in failing to take adequate measures to protect invitees from substances on the floor and in failing to keep the premises safe for invitees.

14.

Defendant's negligence was the proximate cause of Plaintiff's injuries.

## COUNT 2
## VICARIOUS LIABILITY

15.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 14 above as if fully restated.

16.

At all times relevant to this action, the individuals responsible for inspecting, cleaning and maintaining the area where Plaintiff fell were employed by Defendants and were acting within the scope of their employment.

- 3 -

Copy from re:SearchGA

17.

Defendants are responsible for the conduct of these individuals under the doctrine of respondeat superior, agency or apparent agency.

## **COUNT 3**
## **NEGLIGENT TRAINING & SUPERVISION**

18.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 17 above as if fully restated.

19.

Defendants were negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting, cleaning and maintaining the premises.

20.

Defendants were negligent in training and supervising its staff.

21.

As a result of Defendants' negligence in training and supervising its employees, Plaintiff was injured on the premises.

WHEREFORE, Plaintiff prays that she has a trial on all issues and judgment against defendant as follows:

(a)     That Plaintiff recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

(b)     That Plaintiff recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(c)     That plaintiff recover such other and further relief as is just and proper;

(d)     That all issues be tried before a jury.

- 4 -

Copy from re:SearchGA

Respectfully submitted, this 3rd day of JUNE  2021.


**E. ALBERT LAW, LLC,**


_____

ESTHER ALBERT
Georgia Bar No. 610591
Attorney for Plaintiff

E. ALBERT LAW, LLC.
2575 PEACHTREE RD NE SUITE 300
ATLANTA, GA 30305
PHONE: (678) 664-4878
FAX: (470) 777-2878
E-MAIL: albert@ealbertlaw.com

- 5 -

Copy from re:SearchGA

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

RENE CHATFIELD,                                          Civil Action File No.
                                                         21-C-03799-S5
          Plaintiff,

v.

WALMART INC. AND
WAL-MART STORES EAST, LP (DELAWARE),

          Defendants.

_____/

## ANSWER OF DEFENDANTS

COME NOW, Defendants WALMART INC. and WAL-MART STORES EAST,

LP and make this Answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendants upon which

relief can be granted.

### SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by

Plaintiff's own contributory negligence and failure to exercise ordinary care.

### THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the

premises, and by the exercise of ordinary care could have avoided any injury to

herself; and on account thereof, Plaintiff is not entitled to recover from Defendants.

## FOURTH DEFENSE

Defendants deny that they were negligent in any manner whatsoever or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendants.

## SIXTH DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation.

## SEVENTH DEFENSE

Plaintiff's claims are barred by laches.

## EIGHTH DEFENSE

Venue is improper as to Walmart Inc.

## NINTH DEFENSE

Defendants respond to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendants lack sufficient information to either admit or deny the allegations

Page -2-

contained in paragraph 1 of the Plaintiff's Complaint.

2.

Defendants deny the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.

Defendants deny the allegations contained in paragraph 3 of the Plaintiff's Complaint.

4.

Defendants deny the allegations contained in paragraph 4 of the Plaintiff's Complaint.  Jurisdiction and venue are now proper in the United States District Court, Northern District of Georgia, Atlanta Division.

5.

Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 5 of the Plaintiff's Complaint.

6.

Defendants deny the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.

Defendants deny the allegations contained in paragraph 7 of the Plaintiff's

Complaint, as stated.

8.

Defendants admit only that Wal-Mart Stores East, LP operated the subject store.  Defendants deny the remaining allegations contained in paragraph 8 of the Plaintiff's Complaint.

9.

Defendants deny the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.

Defendants re-allege and incorporate herein the answers contained in paragraphs 1 through 9 above, as if fully restated.

11.

Defendants deny the allegations contained in paragraph 11 of the Plaintiff's Complaint, as stated.

12.

Defendants deny the allegations contained in paragraph 12 of Plaintiff's Complaint as stated.  The applicable statute and case law speak for themselves.

13.

Defendants deny the allegations contained in paragraph 13 of Plaintiff's

Complaint.

14.

Defendants deny the allegations contained in paragraph 14 of the Plaintiff's Complaint.

15.

Defendants re-allege and incorporate herein the answers contained in paragraphs 1 through 14 above, as if fully restated.

16.

Defendants deny the allegations contained in paragraph 16 of the Plaintiff's Complaint.

17.

Defendants deny the allegations contained in paragraph 17 of the Plaintiff's Complaint.

18.

Defendants re-allege and incorporate herein the answers contained in paragraphs 1 through 17 above, as if fully restated.

19.

Defendants deny the allegations contained in paragraph 19 of the Plaintiff's Complaint.

20.

Defendants deny the allegations contained in paragraph 20 of the Plaintiff's Complaint.

21.

Defendants deny the allegations contained in paragraph 21 of the Plaintiff's Complaint.

22.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

23.

Defendants deny Plaintiff's prayer for relief, including subparagraphs (a), (b), (c), and (d), thereof.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff.  DEFENDANTS DEMAND TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.


 /s/   Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088

Page -6-

_/s/ Jennie Rogers_____
Jennie Rogers
Georgia Bar No. 612725
Attorneys for Defendants
WALMART INC.
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT WALMART INC. AND WAL-MART STORES EAST, LP has this day been filed and served upon opposing counsel via Odyssey eFileGA.

This the __2nd__ day of July, 2021.

McLAIN & MERRITT, P.C.

 /s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendants
WALMART INC.
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

RENE CHATFIELD,                                    Civil Action File No.
                                                   21-C-03799-S5
            Plaintiff,

v.

WALMART INC. AND
WAL-MART STORES EAST, LP (DELAWARE),

            Defendants.

_____/

ANSWER OF DEFENDANTS TO PLAINTIFF'S FIRST AMENDED COMPLAINT

        COME NOW, Defendants WALMART INC. and WAL-MART STORES EAST,

LP and make this Answer to Plaintiff's First Amended Complaint as follows:

FIRST DEFENSE

        Plaintiff's First Amended Complaint fails to state a claim against Defendants

upon which relief can be granted.

SECOND DEFENSE

        Plaintiff's alleged damages, if any, were directly and proximately caused by

Plaintiff's own contributory negligence and failure to exercise ordinary care.

THIRD DEFENSE

        Plaintiff was not in the exercise of ordinary care for her own safety in the

premises, and by the exercise of ordinary care could have avoided any injury to

herself; and on account thereof, Plaintiff is not entitled to recover from Defendants.

## FOURTH DEFENSE

Defendants deny that they were negligent in any manner whatsoever or that any negligent act or omission on their part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendants.

## SIXTH DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitation.

## SEVENTH DEFENSE

Plaintiff's claims are barred by laches.

## EIGHTH DEFENSE

Venue is improper as to Walmart Inc.

## NINTH DEFENSE

Defendants respond to the enumerated paragraphs of Plaintiff's First Amended Complaint as follows:

1.

Defendants lack sufficient information to either admit or deny the allegations

contained in paragraph 1 of the Plaintiff's First Amended Complaint.

2.

Defendants deny the allegations contained in paragraph 2 of Plaintiff's First Amended Complaint.

3.

Defendants deny the allegations contained in paragraph 3 of the Plaintiff's First Amended Complaint.

4.

Defendants deny the allegations contained in paragraph 4 of the Plaintiff's First Amended Complaint.  Jurisdiction and venue are now proper in the United States District Court, Northern District of Georgia, Atlanta Division.

5.

Defendants lack sufficient information to either admit or deny the allegations contained in paragraph 5 of the Plaintiff's First Amended Complaint.

6.

Defendants deny the allegations contained in paragraph 6 of Plaintiff's First Amended Complaint.

7.

Defendants deny the allegations contained in paragraph 7 of the Plaintiff's

First Amended Complaint, as stated.

8.

Defendants admit only that Wal-Mart Stores East, LP operated the subject store.  Defendants deny the remaining allegations contained in paragraph 8 of the Plaintiff's First Amended Complaint.

9.

Defendants deny the allegations contained in paragraph 9 of Plaintiff's First Amended Complaint.

10.

Defendants re-allege and incorporate herein the answers contained in paragraphs 1 through 9 above, as if fully restated.

11.

Defendants deny the allegations contained in paragraph 11 of the Plaintiff's First Amended Complaint, as stated.

12.

Defendants deny the allegations contained in paragraph 12 of Plaintiff's First Amended Complaint as stated.  The applicable statute and case law speak for themselves.

13.

Defendants deny the allegations contained in paragraph 13 of Plaintiff's First Amended Complaint.

14.

Defendants deny the allegations contained in paragraph 14 of the Plaintiff's First Amended Complaint.

15.

Defendants re-allege and incorporate herein the answers contained in paragraphs 1 through 14 above, as if fully restated.

16.

Defendants deny the allegations contained in paragraph 16 of the Plaintiff's First Amended Complaint.

17.

Defendants deny the allegations contained in paragraph 17 of the Plaintiff's First Amended Complaint.

18.

Defendants re-allege and incorporate herein the answers contained in paragraphs 1 through 17 above, as if fully restated.

19.

Defendants deny the allegations contained in paragraph 19 of the Plaintiff's First Amended Complaint.

20.

Defendants deny the allegations contained in paragraph 20 of the Plaintiff's First Amended Complaint.

21.

Defendants deny the allegations contained in paragraph 21 of the Plaintiff's First Amended Complaint.

22.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

23.

Defendants deny Plaintiff's prayer for relief, including subparagraphs (a), (b), (c), and (d), thereof.

WHEREFORE, Defendants pray that Plaintiff's First Amended Complaint be dismissed with all costs cast upon the Plaintiff. DEFENDANTS DEMAND TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.


/s/   Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088


/s/ Jennie Rogers
Jennie Rogers
Georgia Bar No. 612725
Attorneys for Defendants
WALMART INC.
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT WALMART INC. AND WAL-MART STORES EAST, LP TO PLAINTIFF'S FIRST AMENDED COMPLAINT has this day been filed and served upon opposing counsel via Odyssey eFileGA.

This the  2nd   day of July, 2021.

McLAIN & MERRITT, P.C.


 /s/ Howard M.  Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorney for Defendants
WALMART INC.
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com